IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TITUS LEE,                )
                          )
    Plaintiff,        )
                          )
v.                        )        Civil Action No. 3:20CV544–HEH
                          )
JASON McCLENDON, *et al.*,)
                          )
    Defendants.       )

**MEMORANDUM OPINION**
(Dismissing with Prejudice *Bivens* Action)

Titus Lee, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens*[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. LEE'S COMPLIANCE WITH THE COURT'S ORDERS

By Memorandum Order entered on February 25, 2021, the Court directed Lee to file a particularized complaint. (ECF No. 15.) Lee failed to file a particularized complaint, and by Memorandum Opinion and Order entered on April 7, 2021, the Court dismissed the action without prejudice. (ECF Nos. 16, 17.) On April 15, 2021, the Court received a Motion for Reconsideration (ECF No. 19) from Lee in which he indicated that he never received the Court's February 25, 2021 Memorandum Order. Accordingly, by Memorandum Order entered on May 21, 2021, the Court granted the Motion for Reconsideration to the extent that the Court provided Lee with another opportunity to file a particularized complaint. (ECF No. 21.) The Court explained that if Lee complied with the Court's directives and filed a particularized complaint within the time permitted by the Court, the Court would reopen the action.

On June 1, 2021, the Court received Lee's Particularized Complaint. (ECF No. 22.) Accordingly, the Clerk will be directed to reopen the action. Nevertheless, as discussed below, Lee's Particularized Complaint fails to state a claim for relief against any of the Defendants and is legally frivolous. Accordingly, Lee's claims and the action will be dismissed with prejudice.

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Lee's Particularized Complaint (ECF No. 22) is rambling, comprised mostly of legal terms, and lacks any real claims or facts. Lee contends that Defendants Jason McClendon, Adam Ulery, and "an unnamed person," committed various errors presumably leading to his criminal prosecution in this Court.[2] (*Id.* at 1.) Lee alleges the following:[3]

> The Defendants along some unnamed person with malicious and premeditated negligence deprived the Plaintiff of the right of equal protection under the law, by people working for the law. The Defendants' gross and improper use of the Federal Rules of Evidence was implied with forgery, false conflicts, and reckless disregard for Plaintiff's life, liberty and or due process of the law. The Defendants perpetrated a gross and deliberate criminal coercion in which the Plaintiff was deprived of the fundamental right to be a citizen and not be harmfully induced into a real prejudicial oppression by the law.
> The Defendants know that the Federal Rule[s] of Criminal Procedure work adversely to someone like the Plaintiff, who comes from the background the Plaintiff comes from. The Defendants breached their

---

[2] On June 13, 2019, Lee pled guilty to various drug distribution and firearm convictions. *United States v. Lee*, No. 3:19CR36, ECF No. 49 (E.D. Va. entered June 13, 2019). On September 17, 2019, the Court sentenced Lee to 192 months of incarceration. *Id.* at ECF No. 98. Lee's criminal matter is currently pending on appeal before the United States Court of Appeals for the Fourth Circuit.

[3] The Court utilizes the pagination assigned to Lee's Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation and omits the emphasis in the quotations from the Particularized Complaint.

4

    obligation to protect a citizen under the law, but instead use the law for some unlawful and draconian practice of the law. The Defendants' corrupt and dishonest intent abridge[s] on the Plaintiff's right to prove innocence with implied facts and real questions of the law. There are real presumption[s] of the facts, laws, and innocence that made the Plaintiff make a defective pleading which there is no clear and convincing evidence in which the Defendants never intended to show because it was proffered by all in deliberate elicitation and dereliction of duty.

    The Defendants with recklessness and prejudice infringed on the Plaintiff's constitutional rights with their unprofessional and malicious abuse of process which the Defendants, working under the color of the federal government, use illegal and prejudicial conflicts and evidence to induce the Plaintiff into case-or-controversy and burden of proof and innocence, which is actual fraud in and on the Court. The prima facie case and evidence is a real question of the law and preponderance of general evidence with general intent to commit any crimes or violate any federal law. The Defendants violated procedural law when they entered into implied-in-fact contract of legal realism to put the Plaintiff in an unlawful legal proceeding with insufficient evidence and counterfeit issues of the laws, which led to the Plaintiff's infamous punishment.

    The Defendants who work under the color of the law with direct knowledge of the law and understands the law, maliciously abused the process and recklessly disregarded a citizen's right to be protected under the law and to be treated equally under the law. The Defendants illegally without good faith put the Plaintiff in a gross civil and constitutional rights violation with still goes on today with cruel and oppression because the Defendants have the color of the law on their side. The Plaintiff is at the mercy of the law and the court which only see what it considers the laws of innocence or guilt, also the word of the people that work under the color of the law. The Defendants committed perjury and outrageous breaches to the Federal Rules of Criminal Procedure and evidence to violate the Plaintiff's constitutional and civil rights.

(ECF No. 22 at 1–2 (paragraph numbers and header omitted).) Although Lee fails to identify the relief he seeks, from the tenor of his Particularized Complaint, it appears that he wishes to invalidate his conviction and resulting sentence.

5

## III. ANALYSIS

Lee alleges that his constitutional claims arise under 28 U.S.C. § 1331. Because Defendants are federal officers,[4] Lee apparently invokes *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Lee's claims for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Lee's Particularized Complaint and the action will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

### A. Lee's Allegations Fail to Comport with Fed. R. Civ. P. 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While courts should liberally construe pro se complaints, *Gordon*, 574 F.2d at 1151, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett*, 775 F.2d at 1278. The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has explained that "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and

---

[4] In his original Complaint, Lee identifies Defendants as special agents and a confidential informant. (ECF No. 1, at 1–2.)

6

decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers . . . . [and] they cannot be expected to construct full blown claims from sentence fragments . . . ." *Id.* at 1278.

As a preliminary matter, Lee's Particularized Complaint fails to comply with Rule 8(a). That rule provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(a). Lee's rambling submission is short, but it is certainly not plain. Although Lee is clearly unhappy that he was arrested, charged, and convicted, his Particularized Complaint fails to provide a "plain statement of the claim showing that [he] is entitled to relief." *Id.* Rather, it is comprised of a variety of legal terms that make little to no sense in the context of his complaint. The Particularized Complaint does not appear to provide the basis for the Court's jurisdiction and does not succinctly present his claims. Accordingly, the Particularized Complaint fails to comply with Rule 8(a).

Additionally, in the May 21, 2021 Memorandum Order, the Court explained that Lee's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Particularized Complaint fails to correct this deficiency because it is devoid of any specific allegations—much less the requisite

7

specificity—of how Defendants violated his constitutional rights. Lee wholly fails to identify a specific action or any conduct of the Defendants that would state a claim for relief. For this reason alone, Lee's claims and the action may be dismissed.

### B.  Lee's Remaining Allegations are Barred by *Heck*

Moreover, the basic premise behind Lee's remaining allegations is the vacation or alteration of his criminal convictions and sentence through a civil suit, which "is legally frivolous in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008). In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.[5]

---

[5] While *Heck* discusses a challenge brought pursuant to 42 U.S.C. § 1983 against state actors, the rationale in *Heck* and related cases applies with equal force to *Bivens* actions. *See Omar v. Chasanow*, 318 F. App'x 188, 189 n* (4th Cir. 2009) (citing *Clemente v. Allen*, 120 F.3d 703,

The Supreme Court has extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). In *Balisok*, the Supreme Court concluded that a challenge based upon a decision-maker's purported bias necessarily implied that the sanction the decision-maker imposed was invalid, and was thus subject to the bar announced in *Heck*. *Id.* The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

*Heck* and related cases bar Lee's allegations seeking invalidation of his conviction and sentence as it is predicated on his assertion that his conviction and incarceration are improper. *See id.* at 79 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Lee also presents no allegation that a federal court has invalidated his current conviction. *Heck*, 512 U.S. at 486–87. Thus, Lee's claims are frivolous under *Bivens*. *Id.* at 81–82; *see Preiser*, 411 U.S. at 500 (holding that writ of habeas corpus is the sole federal remedy when an inmate challenges the fact of imprisonment and relief sought is finding that the inmate is entitled to release). Thus, Lee's claims and the action will be dismissed.[6]

---

705 (7th Cir. 1997); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

[6] The Court recognizes that certain Fourth Amendment claims for damages may be raised in a § 1983 or *Bivens* action. *See Heck*, 512 U.S. at 487 n.7 ("[A] suit for damages attributable to an

9

### IV. CONCLUSION

Accordingly, the Clerk will be directed to reopen the action because Lee complied with the Court's May 21, 2021 Memorandum Order. However, Lee's claims and the action will be dismissed with prejudice for failure to state a claim and as legally frivolous. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

                                                       /s/
                                  HENRY E. HUDSON

Date: June 16, 2021        SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in trial resulting in the § 1983 plaintiff's still outstanding conviction. Because of doctrines like independent source and inevitable discovery and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." (internal citations omitted)). However, as explained above, Lee's allegations against Defendants McClendon, Ulery, and a confidential informant—all of whom presumably helped secure his conviction—are simply too vague to discern a Fourth Amendment claim for relief.